UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRISHA PARAVAS,

                              Plaintiff,

            -against-

LONG TRAN,

                              Defendant.

**OPINION AND ORDER**

**21-CV-807 (AJN) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge**

Presently before the Court is *pro se* Plaintiff's unusual request that documents she submitted to the Court and currently under seal should be permanently deleted from the Court's records. (ECF No. 35.) As with all prior motions in this case, Defendant did not appear or respond to Plaintiff's request. For the following reasons, Plaintiff's request is DENIED.

## BACKGROUND

The Court assumes familiarity of the underlying record.[1] On January 21, 2022 after the Defendant's default, the Court held an inquest hearing to determine whether Plaintiff should be awarded damages and if so, in what amount. During the hearing, the undersigned questioned Plaintiff about the damages she alleged, including emotional damages. Plaintiff testified about her distress, which caused sleeplessness, hives, and hair loss. Plaintiff testified that she had medical records supporting her testimony regarding her emotional distress and the physical manifestations of same. After the hearing, Plaintiff submitted medical records

---

[1] For a full recitation of the facts see this Court's Report and Recommendation at ECF No. 33.

supporting her testimony, which she requested be placed under seal.  The Court granted Plaintiff's motion to file the medical records under seal.  (ECF No. 34.)

On February 22, 2022, the undersigned issued a report and recommendation to the Honorable Alison J. Nathan pertaining to Plaintiff's motion for default judgment.  (ECF No. 33.)  Judge Nathan adopted the recommendation on March 10, 2022.  (ECF No. 36.)  In relevant part, the Court recommended Plaintiff be awarded $5,000 in emotional damages after finding that Defendant's defamation of Plaintiff caused mental anguish and exacerbated her hair loss and skin conditions due to the added stress she endured.

On March 8, 2022, Plaintiff filed what she characterized as a "reply" to the report and recommendation.  (ECF No. 35.) In the document, Plaintiff asserts that "because emotional distress damages were largely rejected, [her] medical records are irrelevant to the case and must be removed from the case record" because it violates her right to privacy and serve no public purpose.  Plaintiff further asserts that there is a possibility the public or the Defendant may misuse her information.  The Court construes Plaintiff's "reply" as a motion to expunge or strike her medical records from the Court's file.

## DISCUSSION

"As a matter of law . . . documents – by virtue of having been submitted to the court as supporting material in connection with a motion . . . are unquestionably judicial documents under the common law."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006).  Furthermore, judicial documents are those that "are relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 119.  Judicial documents are normally subject to public access unless the court finds "countervailing factors" requiring documents be

kept under seal. *Id.* at 125. Having found that Plaintiff's medical records are properly under seal, the Court does not address the countervailing factors. *See Wheeler-Whichard v. Doe*, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) ("[D]istrict courts routinely file medical records under seal . . . to protect plaintiff's privacy interests in [ ] medical records").

Here, Plaintiff's assertion that her medical records are irrelevant and violate her privacy are unfounded. First, Plaintiff's medical records are judicial documents because she submitted them in connection with her motion for default judgment and request for damages. Second, as Plaintiff acknowledges, the Court relied on the documents in determining the appropriate measure of damages to award her, thus, they are "relevant" to the Court's adjudication of this matter. *See* Pl. Reply ("The court did review plaintiff's medical records that were requested . . . that detailed the extent of her suffering that included doubling her dosage of medication she was already taking, and that she had experienced hives and rashes following publication of a false email . . . that was the basis of this action and eventual default judgement against defendant."). Finally, Plaintiff's medical records were filed under seal. This means the public does not have access to them. Thus, there should be no concern that these records will be misused by others. Plaintiff will receive notice should anyone seek permission to access the records and have a chance to object.

Plaintiff expresses a concern that the defaulting Defendant may request and obtain her medical records in the future and use them for nefarious purposes. This concern is easily addressed through a protective order should he ever appear and request the sealed records. Because Plaintiff asserted, sought and won damages for emotional distress, she put her medical conditions at issue. Had Defendant appeared and challenged Plaintiff's assertions of emotional

distress, he would have been entitled to discovery of Plaintiff's medical records and potentially even a greater scope of records and information that Plaintiff provided in support of her motion. *See* Fed. R. Civ. P. 26(b). And, if Defendant were to seek to vacate the judgment in this action, he and the Court must have access to the complete record upon which the judgment was issued to adjudicate any such motion.

Plaintiff cites no authority to support her novel request, nor can she. Having requested emotional distress damages that resulted in hair loss and hives, she was required to support such damages by evidence. That evidence is now part of the record and there is no legal basis or rule supporting their removal from the Court's file. Accordingly, Plaintiff's motion to strike her medical records from the Court's record is DENIED. The medical records, however, shall remain under seal.

## CONCLUSION

For the foregoing reasons, Plaintiff's request at ECF No. 35 is DENIED.

**SO ORDERED.**

Dated: New York, New York
       March 11, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge